[No. 20206-9-II.   Division Two.   February 6, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. LINDSEY L. CRUMPTON, *Appellant*.

*Peter T. Connick*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

ARMSTRONG, J. — Lindsey L. Crumpton appeals the superior court's denial of his motion for new trial or relief from judgment on grounds of newly discovered evidence. Agreeing with the trial court that Crumpton did not show good cause for failing to raise the issue properly in a previous collateral attack, we affirm.

Our disposition of the appeal requires a recitation of the somewhat complicated procedural background of this case. On June 17, 1993, a jury convicted Crumpton of five counts of first degree rape and one count of residential burglary. He received an exceptional sentence on September 10, 1993. He appealed his convictions and sentence to this court, No. 17502-9-II. We affirmed by unpublished opinion, *State v. Crumpton*, 82 Wn. App. 1015, *review denied*, 130 Wn.2d 1018 (1996).

Shortly after sentencing, Crumpton moved for a new trial, alleging ineffective assistance of counsel in three particulars. He then moved to transfer his motion to this court for consideration as a personal restraint petition. *See* CrR 7.8(c)(2). We accepted the transfer and assigned case number 17588-6-II to the petition. The Chief Judge dismissed that petition on April 18, 1994, finding no merit to the allegations of ineffective assistance.

In August or September 1994, while his direct appeal was still pending before this court, Crumpton filed another motion for new trial. He again alleged ineffective assistance of counsel. In addition, he argued that he had newly discovered evidence in the form of statements by the victims of three other burglaries that they were the true owners of items that the victim in Crumpton's case identified as having been stolen from her home. This information was presented via the hearsay affidavits of Roger A. Hunko, Crumpton's appellate lawyer, and Robert C. Zornes, a private investigator working for Hunko. Once again, the superior court transferred the motion to this court for handling as a personal restraint petition, and we accepted the transfer, No. 18673-0-II. The Chief Judge dismissed that second petition on December 27, 1994, granting the State's motion to dismiss on two grounds: (1) that RCW 10.73.140 prohibited Crumpton from raising, by successive collateral attack, issues similar to those raised in a previous petition, i.e., ineffective assistance; (2) that the newly discovered evidence was hearsay and was not testimonial

in form, as required by *In re Personal Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).[1]

Crumpton then filed yet another motion for new trial or relief from judgment, relying on the same "newly discovered evidence." This time, however, he submitted the firsthand, testimonial declarations of Fred R. Ngiratereged, Margaret Voore, and William Carlsen. Mr. Ngiratereged and Mrs. Voore each stated that he/she had been burglarized in March or April 1993, and a man's Bulova watch had been stolen from him/her. Mr. Ngiratereged declared that a photograph of a watch shown to him by Private Investigator Zornes in September 1994 looked like the watch that was stolen from him; Mrs. Voore declared that she had seen evidence in Crumpton's case and believed that a Bulova watch was the one stolen from her. Mr. Carlsen swore that he, too, was a burglary victim in April 1993, and that two pieces of jewelry depicted in a photo shown to him by Zornes "appeared" to be the jewelry that was stolen from him.

The superior court transferred the third motion for new trial to this court for handling as a personal restraint petition. This time, however, by order of May 31, 1995, we rejected the transfer and returned the matter to the trial court for disposition.

On November 14, 1995, the superior court issued a memorandum opinion dismissing the matter on the State's motion. The judge ruled that Crumpton's motion, a form of collateral attack upon the judgment, was barred by RCW 10.73.140 because Crumpton had not shown good cause for failing to bring the same "newly discovered evidence" before the court in his previous collateral attacks. The judge ruled that Crumpton's excuses for not doing so—his incarceration, indigency, and inability to contact the witnesses—were self-created hardships rather than external, objective impediments; moreover, although the excuses were already extant by September 1993, they had not

---

[1] *Accord State v. Bandura*, 85 Wn. App. 87, 93-94, 931 P.2d 174, *review denied*, 132 Wn.2d 1004 (1997).

prevented Crumpton from hiring a private investigator (Zornes), locating the names and addresses of the affiants, or contacting them to obtain the information that he previously neglected to put into testimonial form. In other words, the trial court said that Crumpton could have included in a previous collateral attack the same evidence he now relies on, and he had abused the writ remedy. *See In re Personal Restraint of Jeffries*, 114 Wn.2d 485, 488, 492, 789 P.2d 731 (1990).

Crumpton now appeals the superior court's dismissal of his motion for new trial/relief from judgment. *See* RAP 2.2(a)(9), (11). We converted the appeal to a personal restraint petition and attempted to transfer it to the Supreme Court, but that court returned it to us "for consideration and decision as an appeal." With this background, we turn to the merits.

■ Crumpton complains that the trial court did not conduct an evidentiary hearing into the merits of his motion for new trial based on newly discovered evidence, as this court allegedly directed in its order of transfer dated May 31, 1995. In reality, we returned *both* Crumpton's motion for postconviction relief *and* the State's motion to dismiss it "for consideration on the merits." Any court may legitimately dispose of a case on procedural grounds without reaching the merits, and ordinarily a procedural bar should be resolved first. *Lambrix v. Singletary*, 520 U.S. 518, 117 S. Ct. 1517, 137 L. Ed. 2d 771, 784 (1997). If the superior court had legitimate procedural grounds for deciding this case, we will uphold its decision.

■ RCW 10.73.140 provides as follows:

If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that

the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition . . . .

Although this statute speaks of personal restraint petitions filed in the Court of Appeals, it likewise applies to CrR 7.8(b) motions filed in superior court. *State v. Brand*, 120 Wn.2d 365, 370, 842 P.2d 470 (1992) ("We hold a court may not consider a CrR 7.8(b) motion if the movant has previously brought a collateral attack on similar grounds. RCW 10.73.140.").

In determining whether Crumpton showed "good cause" for failing previously to submit testimonial affidavits to support his claim of newly discovered evidence, we, like the superior court, look to *State v. Dearbone*, 125 Wn.2d 173, 883 P.2d 303 (1994), a case that construed an analogous statute. RCW 10.95.040 requires a prosecutor to file notice of intention to seek the death penalty in a murder case within 30 days after the defendant's arraignment, unless the court extends that time "for good cause shown." RCW 10.95.040(2). In construing this phrase, the *Dearbone* court reviewed case law analyzing good cause in other situations and made a distinction between an "external objective impediment," which can establish good cause, and " 'self-created hardship,' " which cannot. 125 Wn.2d at 180-81 (quoting *State v. Mack*, 89 Wn.2d 788, 794, 576 P.2d 44 (1978)).

We agree with the trial court that Crumpton's reasons for failing to include testimonial affidavits with his previous petition amount to self-created hardship rather than external objective impediments. Crumpton offered these excuses: (1) He was in prison after imposition of sentence, and "[a]n incarcerated person can only do so much from his cell"; (2) he was indigent and lacked the funds to hire an investigator to locate and interview the

true owners of the allegedly misidentified property.[2] These are not external impediments, they are self-created. Moreover, they are unconvincing.

Despite being in prison, Crumpton was able to accomplish a great deal toward raising the watch/jewelry misidentification issue. Roger Hunko was his lawyer on appeal. Zornes's affidavit shows that, at least as early as September 1993, Zornes, working on Crumpton's behalf and at Hunko's direction, contacted and interviewed the persons who said that they believed the watch and jewelry were stolen from them rather than from the rape victim. Hunko's affidavit shows that he viewed the evidence personally with Mrs. Voore. Yet Crumpton does not explain why he did not provide testimonial affidavits from those persons with his previous collateral attack, rather than submitting the hearsay statements of Zornes and Hunko. He does not show good cause for maintaining a successive collateral attack, as required by RCW 10.73.140, and the trial court properly dismissed his motion for new trial/relief from judgment.

Finally, we should comment that even if Crumpton's motion were considered on the merits, it would fail. He would be entitled to a new trial on the basis of newly discovered evidence only if he could show, inter alia, that the evidence would probably change the result of trial. *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981). The proffered declarations probably would not change the result here, because the evidence incriminating Crumpton in the burglary and rapes was so strong. Within 15 minutes after the victim reported the rapes, Crumpton was stopped

---

[2]In a memorandum opposing the State's motion to dismiss, Crumpton listed other issues that he allegedly was unable to pursue because of his incarceration, namely, that his DNA was not tested; that the Department of Corrections could have verified that a radio identified by the rape victim was really his; that his sister, Wilma Crumpton, and other witnesses who could have provided an alibi were not called or investigated; that a crucial witness named "Little K" was not located and interviewed. Defense counsel's alleged deficiencies with respect to the DNA testing, the radio, and the sister formed the basis for Crumpton's first petition, which this court dismissed in April 1994. Those issues are not before the court in this appeal.

by the police less than half a mile away. He was running and out of breath, and he gave an unlikely account of his presence on the streets at 5:30 A.M. He matched the victim's description of her assailant, including emitting a strong odor of cologne. He was carrying several items that the rapist had taken from the victim's home, including a telephone cord, a flowered-print bed linen, handkerchiefs, and jewelry. A specimen of his pubic hair matched a hair left at the crime scene. The trial court reached the right result for this additional reason.

Affirmed.

MORGAN and HUNT, JJ., concur.

Review denied at 136 Wn.2d 1016 (1998).