1 P.3d 1120 (2000)
141 Wash.2d 20
In re Personal Restraint of Ernest BAILEY, Petitioner.
No. 68188-1.
Supreme Court of Washington, En Banc.
Argued March 20, 2000.
Decided June 8, 2000.
David Zuckerman, Seattle, for Petitioner.
Christine O. Gregoire, Attorney General, and John J. Samson, Asst., Olympia, for Respondent.
Suzanne Elliott, Seattle, Amicus Curiae on behalf of Washington Association of Criminal Defense Lawyers.
Jim Krider, Snohomish County Prosecutor, and Seth Aaron Fine, Deputy, Everett, and Pamela Loginsky, Olympia, Amicus Curiae on behalf of Washington Assoc. of Prosecuting Attorneys.
BRIDGE, J.
We are called upon to determine whether prior filing of a postconviction motion for collateral relief with the trial court subjects a first, nonfrivolous personal restraint petition (PRP) to summary dismissal under RCW 10.73.140. We hold that summary dismissal is appropriate under RCW 10.73.140 only where petitioner has previously filed a PRP or where the PRP is entirely based on frivolous grounds. We therefore vacate the summary dismissal and remand to the Court of Appeals for consideration of petitioner's claims, after proper briefing under RAP 16.9 and 16.10.

FACTS
On December 31, 1992, Ernest Bailey was convicted in Kitsap County of two counts of first degree murder and one count of conspiracy to commit first degree murder. He *1121 appealed, and in January 1994, while his direct appeal was still pending, Mr. Bailey filed with the trial court a CrR 7.8(b) motion to vacate the judgment based on newly discovered evidence. The trial court attempted to transfer the motion to the Court of Appeals for consideration as a PRP, but the Court of Appeals rejected the transfer. In late 1994, the trial court denied Mr. Bailey's CrR 7.8(b) motion, whereupon he appealed the denial. That appeal was consolidated for review with his direct appeal and the appeals of his co-defendant. On September 19, 1997, the Court of Appeals affirmed Mr. Bailey's judgment and sentence as well as the trial court's denial of his CrR 7.8(b) motion. We denied review and issued the mandate on April 28, 1998.
On March 16, 1999, Mr. Bailey filed his first PRP with the Court of Appeals, Division Two. Three of the PRP's seven claims had already been raised on direct appeal. Specifically, Mr. Bailey had claimed that the admission of his nontestifying co-defendant's statements against him violated his right to confrontation, that the exclusion of evidence concerning another suspect violated his right to due process, and that the trial court had improperly imposed the sentence on his conspiracy offense consecutive to his premeditated murder sentence. Three more claims had also been previously raised, at least in part, in Mr. Bailey's CrR 7.8(b) motion: that the prosecutor had improperly withheld material exculpatory evidence, that his trial counsel had been ineffective in failing to gather certain evidence, and that the evidence now available constituted newly discovered evidence. The PRP also included one unquestionably new claim, namely, that the trial court had erred in refusing to disclose a confidential informant's identity to the defense, without interviewing the informant and without permitting the defense to ask questions in person or in writing either of the informant or of the detective interviewed in camera who reported speaking with the informant.
Upon receipt of Mr. Bailey's PRP, Commissioner Meath issued a standard letter directing the State to respond as required by RAP 16.9. On April 20, 1999, however, the State, represented by the Attorney General, filed a motion to modify that "ruling," claiming the Court of Appeals lacked subject matter jurisdiction over Mr. Bailey's PRP under RCW 10.73.140 and asking that the PRP be summarily dismissed without requiring a substantive response from the State. The State argued that RCW 10.73.140 should apply even to a first PRP where a collateral challenge had previously been filed. The Chief Judge of Division Two granted the motion, summarily dismissing the PRP without comment and without first requiring the State to respond.

ANALYSIS
At issue here is whether RCW 10.73.140 applies to a first personal restraint petition raising at least one nonfrivolous issue, where the petitioner had previously filed a motion for collateral relief with the trial court.
RCW 10.73.140 states, in relevant part:[1]
If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the *1122 court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.
Similarly, RAP 16.4(d) provides, "No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." "Both RAP 16.4(d) and RCW 10.73.140, albeit by different language, limit successive personal restraint petitions." In re Personal Restraint of Johnson, 131 Wash.2d 558, 564, 933 P.2d 1019 (1997).
Here, the State recommends reading RCW 10.73.140 beyond its literal meaning so as to permit summary dismissal by the Court of Appeals of a broader category of PRPs, without court comment and without first requiring a response from the State. However, this Court has long appreciated both the enormous costs and the vital importance of collateral review in our justice system:
"Collateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." In re Hagler, 97 Wash.2d 818, 824, 650 P.2d 1103 (1982). On the other hand, we recognize the role of collateral review in preserving constitutional liberties and remedying prejudicial error. See In re Taylor, 105 Wash.2d 683, 686, 717 P.2d 755 (1986). Thus, in balancing these competing interests, we limit collateral review, but not so rigidly as "to prevent the consideration of serious and potentially valid claims." In re Cook, 114 Wash.2d 802, 809, 792 P.2d 506 (1990).
State v. Brand, 120 Wash.2d 365, 368-69, 842 P.2d 470 (1992).
The State suggests that when the Legislature used the phrases "petition for personal restraint" and "petition or petitions" in RCW 10.73.140, it meant to include all requests for collateral relief, even those filed at the trial court level. We have long held, however, that "when a statute specifies the class of things upon which it operates, it can be inferred that the Legislature intended to exclude any omitted class." Weyerhaeuser Co. v. Tri, 117 Wash.2d 128, 133-34, 814 P.2d 629 (1991). RCW 10.73.140 begins, "If a person has previously filed a petition for personal restraint...." (emphasis added). Had the Legislature meant the first part of RCW 10.73.140 to apply to a PRP preceded by any collateral challenge, one would reasonably expect it to have written, "If a person has previously filed a petition or motion for collateral attack...." Indeed, RCW 10.73.090, a sister provision drafted by the same 1989 Legislature, uses the phrase "petition or motion for collateral attack," and "collateral attack" is specifically defined "[f]or purposes of this section" in RCW 10.73.090(2). The Legislature's choice of language in RCW 10.73.140 makes clear its intended scope of application.
"[P]rovisions in a statute are read in the context of the statute as a whole ..." and "must be considered in their relation to each other and, if possible, harmoniously construed to insure proper construction of each provision...." Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc., 125 Wash.2d 305, 314, 884 P.2d 920 (1994) (quoting Publishers Forest Prods. Co. v. State, 81 Wash.2d 814, 816, 505 P.2d 453 (1973)). Read together and in context, the first three sentences of RCW 10.73.140 clearly pertain to cases where "a person has previously filed a petition for personal restraint,"[2] which Mr. Bailey has not. They are therefore inapplicable here.
To support its reading of RCW 10.73.140, the State cites this Court's decision in Brand, as well as State v. Crumpton, 90 Wash.App. 297, 952 P.2d 1100, review denied, 136 Wash.2d 1016, 966 P.2d 1277 (1998), and State v. Thompson, 93 Wash.App. 364, 967 P.2d 1282 (1998). None is on point.
This Court was asked in Brand to construe the express reference to RCW 10.73.140 in CrR 7.8(b), which states: "The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140...." *1123 We "conclude[d] the drafters of CrR 7.8(b) intended RCW 10.73.140 to apply by analogy" and that a CrR 7.8(b) motion filed after a PRP had to comply with the rules of RCW 10.73.140. Brand, 120 Wash.2d at 370, 842 P.2d 470. That argument, however, is not a two-way street. While CrR 7.8(b) expressly makes itself "subject to ... RCW 10.73.140," the latter includes no reference whatsoever to the former, and there is no other reason to believe that the phrase "petition for personal restraint" in RCW 10.73.140 was intended to include any other form of collateral challenge, such as a CrR 7.8(b) motion.
In the Crumpton case, three successive motions for new trial had been filed, two of which had been transferred and considered as PRPs by the Court of Appeals while direct appeal was still pending. 90 Wash.App. at 299, 952 P.2d 1100. The third requested transfer was denied. Id. at 300, 952 P.2d 1100. When the trial court then dismissed Mr. Crumpton's third motion for new trial, citing CrR 7.8(b)'s incorporation of RCW 10.73.140, he appealed. Id. at 300-01, 952 P.2d 1100. Division Two affirmed the dismissal, ruling that "[a]lthough [RCW 10.73.140] speaks of personal restraint petitions filed in the Court of Appeals, it likewise applies to CrR 7.8(b) motions filed in superior court." Id. at 302, 952 P.2d 1100. The Crumpton Court cited to Brand, where this Court held that "a court may not consider a CrR 7.8(b) motion if the movant has previously brought a collateral attack on similar grounds." Brand, 120 Wash.2d at 370, 842 P.2d 470. But while Brand was controlling in Crumpton, it is inapposite here. By its own terms, CrR 7.8(b) requires application by analogy of RCW 10.73.140, whereas the first part of RCW 10.73.140, by its own terms, applies only when "a person has previously filed a petition for personal restraint," which Mr. Bailey has not.
The third case relied upon by the State is Thompson, where the Court of Appeals held that an untimely CrR 7.8(b) motion was not an "appeal as a matter of right" and did not entitle an indigent defendant to appointment of counsel at public expense, since "he would not be entitled to an attorney if he made the same claims in a personal restraint petition (PRP)." 93 Wash.App. at 368-69, 967 P.2d 1282. In that context, the Court commented that a CrR 7.8(b) motion in Superior Court "was the equivalent of a PRP in a reviewing court." Id. at 369, 967 P.2d 1282 (citing Brand). But that language from the Thompson decision has no bearing here. Simply because a defendant filing an untimely CrR 7.8(b) motion is "[l]ike a personal restraint petitioner" in that he or she has no right to counsel, id. at 369, 967 P.2d 1282, does not mean that every RCW reference to "petition for personal restraint" applies to a CrR 7.8(b) motion filed at the trial court level.
While Mr. Bailey's PRP does include issues previously raised and reviewed by the Court of Appeals,[3] it is undisputed that at least one of its claims is entirely new.[4] The State faults Mr. Bailey, however, for not showing good cause why this new argument was not raised earlier. In Cook, we held, "Where RCW 10.73.140 is applicable, in a subsequent petition a petitioner must show good cause why the new grounds were not raised in the previous petition." In re Personal Restraint of Cook, 114 Wash.2d 802, 813 n. 4, 792 P.2d 506 (1990) (emphasis added). But while Mr. Cook's PRP was his second, and RCW 10.73.140 applied, Mr. Bailey's PRP is his first, and RCW 10.73.140 does not apply.[5]Id. at 803, 792 P.2d 506. *1124 We find that RCW 10.73.140 authorizes summary dismissal of a first PRP, without comment and without requiring the State to respond, only if the PRP fails to raise any nonfrivolous issues.

CONCLUSION
We conclude that prior filing of a postconviction motion for collateral relief with the trial court does not subject a first, nonfrivolous PRP to summary dismissal under RCW 10.73.140. We therefore vacate the summary dismissal and remand to the Court of Appeals for consideration of the petitioner's claims, after proper briefing under RAP 16.9 and 16.10.
GUY, C.J., SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.
NOTES
[1] The omitted portion of RCW 10.73.140 allows the Court of Appeals to dismiss, without comment or answer from the State, any PRP "based on frivolous grounds." See also RAP 16.11(b). However, the State did not claim in its motion that Mr. Bailey's grounds were frivolous, nor is there any indication the Chief Judge summarily dismissed the PRP on that basis. In any event, since this Court finds that Mr. Bailey's PRP does raise at least one nonfrivolous ground, summary dismissal could not be justified on that basis.
[2] The conditional phrase "If upon review" in the third sentence clearly refers to the review-and-compare process mandated in the second sentence to "determine whether the person has previously filed a petition or petitions." RCW 10.73.140.
[3] If, upon remand, the Court of Appeals rejects such claims, this Court could still be petitioned for relief on "ends of justice" grounds. In re Personal Restraint of Taylor, 105 Wash.2d 683, 687-89, 717 P.2d 755 (1986).
[4] "The only claim not previously heard and rejected by the appellate court is Bailey's claim 6." Suppl. Br. of Resp't at 13. Mr. Bailey faults the trial court for keeping secret the identity of a confidential informant without ever interviewing the informant or allowing the defense to ask questions in person or in writing. PRP at 67-72. This claim does not qualify as frivolous under RCW 10.73.140. See State v. Smith, 101 Wash.2d 36, 44-45, 677 P.2d 100 (1984) (citing State v. Harris, 91 Wash.2d 145, 588 P.2d 720 (1978)).
[5] RAP 16.4(d) also does not apply. See In re Haverty, 101 Wash.2d 498, 503-04, 681 P.2d 835 (1984) (holding "good cause" showing under RAP 16.4(d) was not required where petition included new issues); In re Personal Restraint of Holmes, 121 Wash.2d 327, 331, 849 P.2d 1221 (1993) (holding RAP 16.4(d) only applies "where a petitioner advances the same grounds for relief in more than one petition").