31 P.3d 16 (2001)
In re the PERSONAL RESTRAINT PETITION OF Miguel VAZQUEZ, Jr., Petitioner.
No. 43703-8-I.
Court of Appeals of Washington, Division 1.
September 4, 2001.
David L. Donnan, Washington Appellate Project, Seattle, for Appellant.
Erin Elisabeth Ehlert, David M. Seaver, King County Prosecutor Appellate Unit, Seattle, for Respondent.
APPELWICK, J.
In this personal restraint petition (PRP), Miguel Vazquez, Jr., petitions this court for relief from judgment. The primary issue is *17 whether the PRP is barred by RCW 10.73.140, which prevents this court from considering, without good cause, a PRP from a petitioner who has "previously filed" a PRP. Vazquez previously filed a motion to vacate the judgment in the trial court. Pursuant to CrR 7.8, the trial court transferred the motion to this court, where it was re labeled and decided as a PRP. We hold that the motion transferred under CrR 7.8 is a "previously filed" PRP for purposes of RCW 10.73.140. We remand to the trial court for a determination of whether Vazquez can show good cause for failing to raise in his previous petition the issues he now wishes to raise.

FACTS
Miguel Vazquez, Jr., was convicted of the crime of possessing cocaine with intent to manufacture or deliver.[1] Following a jury trial, Vazquez was sentenced to a term of 27 months on April 10, 1992. Vazquez appealed his conviction to the Court of Appeals, Division One.
The Washington Appellate Defender Association (WADA) was appointed to represent Vazquez on appeal. A WADA attorney filed an appellant's brief. The sole issue the WADA attorney raised was a challenge to the trial court's jury instruction on accomplice liability. The State filed a motion on the merits to affirm the conviction. A hearing on the motion was scheduled.
Some months later, private attorney George Trejo was substituted as counsel in Vazquez's appeal, and WADA withdrew. Trejo filed a motion to vacate the judgment in the trial court on November 16, 1994, citing CrR 7.8(b). In the motion, Trejo asserted a double jeopardy challenge and a claim that Vazquez's trial counsel was ineffective for failing to seek suppression of evidence seized pursuant to a search warrant. Trejo admitted that he could not argue the ineffective assistance of counsel issue, because he had not yet reviewed the search warrant affidavit.
On the same date, Trejo filed a motion to stay proceedings in the Court of Appeals pending the trial court's decision on the motion to vacate the judgment. Trejo noted in the motion to stay that he was raising two new issues before the trial court: a double jeopardy challenge and an ineffective assistance of counsel claim.
Trejo mailed copies of his motions to Vazquez, together with a letter dated November 17, 1994. Trejo stated in the letter that he was raising new claims regarding double jeopardy and ineffective assistance of counsel.
Vazquez claims that after the November 17, 1994, letter, he never heard from Trejo again. Vazquez claims that Trejo neither communicated with him nor provided him with copies of any subsequent briefs or court documents. Consequently, Vazquez was unaware of any of the further developments in his case.
The trial court issued an order transferring the motion to vacate the judgment to the Court of Appeals pursuant to CrR 7.8(c)(2). The Court of Appeals accepted the motion as a personal restraint petition, and consolidated it with Vazquez's appeal. Vazquez claims that he was not notified that he now had a personal restraint petition pending in the appellate court.
The State filed a responsive brief addressing the double jeopardy issue. But the State did not respond to Trejo's claim that counsel was ineffective for failing to challenge the search warrant. The State noted that Trejo had presented no factual basis for the claim.
On August 28, 1997, this court entered an order granting the State's motion on the merits to affirm the conviction and dismissing the personal restraint petition. In the order, the court addressed the double jeopardy and accomplice liability jury instruction issues. The order did not mention or address Trejo's claim that trial counsel was ineffective for failing to move to suppress evidence.
Vazquez claims that he never received a copy of this court's order, nor was he otherwise informed that his conviction had been affirmed or that he had a right to move to modify the order. He claims that he never learned of the dismissal of a personal restraint *18 petition in his name or of his right to move for discretionary review of the dismissal.
On November 13, 1997, the mandate issued, formally ending Vazquez's appeal.
One year later, Vazquez filed another personal restraint petition. In the petition, he argued that (1) he was denied his right to appeal when he was not kept informed of the status of proceedings in the Court of Appeals and the need to move to modify the court's decision affirming his conviction, and (2) both his trial and appellate attorneys were ineffective for failing to challenge the sufficiency of the search warrant.
In its response, the State did not address the merits of Vazquez's claims. Instead, the State argued that the PRP was procedurally barred under RCW 10.73.140 and RAP 16.4(d), because this court had previously entertained a PRP for Vazquez. In the alternative, the State argued that this court should remand for a reference hearing to determine whether Vazquez could establish good cause to bring this successive petition.
This court entered an order directing Vazquez's attorney George Trejo to file an affidavit regarding his handling of the case. In response, Trejo attested that although his file contained no notes indicating that he had advised Vazquez of his right to move to modify or seek discretionary review of this court's order granting the motion on the merits and dismissing the PRP, he has always informed his clients of this right.

ANALYSIS
Before we can reach the merits of Vazquez's personal restraint petition, we must decide the procedural issue that is now before us. The question is whether Vazquez's PRP is barred because this court has already considered a PRP on Vazquez's behalf. The PRP is potentially barred under RCW 10.73.140 and RAP 16.4(d).
I. RCW 10.73.140
RCW 10.73.140 provides:
If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition. Upon receipt of a first or subsequent petition, the court of appeals shall, whenever possible, review the petition and determine if the petition is based on frivolous grounds. If frivolous, the court of appeals shall dismiss the petition on its own motion without first requiring the state to respond to the petition.
The primary question with regard to RCW 10.73.140 is whether Vazquez "has previously filed a petition for personal restraint" under the statute. If Vazquez has "previously filed" a petition for purposes of the statute, then he must show both that the previous petition was not "on similar grounds" and that good cause exists to explain why he did not raise the issues he raises here in the previous PRP.
Vazquez argues that motions filed in the trial court and transferred to the Court of Appeals pursuant to CrR 7.8(c) are not "previously filed" petitions within the meaning of RCW 10.73.140. Vazquez points out that he did not "file" a PRP as such. Instead, Vazquez's counsel Trejo filed a motion to vacate the judgment in the trial court. The trial court transferred the motion to this court, where it was re-labeled as a personal restraint petition.
The distinction that Vazquez makes is one without a difference under the statute. In interpreting the statute, our primary objective is to ascertain and give effect to the intent of the Legislature; in so doing, the *19 spirit and intent of the law should prevail over the letter of the law. In re Detention of A.S., 138 Wash.2d 898, 911, 982 P.2d 1156 (1999). We will construe a statute so as to avoid strained or absurd consequences which could result from a literal reading. In re A.S., 138 Wash.2d at 911, 982 P.2d 1156.
The purpose of RCW 10.73.140 is to limit collateral review. See, e.g., State v. Brand, 120 Wash.2d 365, 368-69, 842 P.2d 470 (1992). The Washington Supreme Court has repeatedly "noted the significant costs associated with collateral review. `Collateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders.'" Brand, 120 Wash.2d at 368, 842 P.2d 470 (citations omitted). But the Court also "recognize[s] the role of collateral review in preserving constitutional liberties and remedying prejudicial error. Thus, in balancing these competing interests, we limit collateral review, but not so rigidly as `to prevent the consideration of serious and potentially valid claims.'" Brand, 120 Wash.2d at 368-69, 842 P.2d 470 (citations omitted).
Vazquez previously filed a motion for collateral relief with the trial court. That motion was transferred to this court where it was treated as a PRP. This court considered and ruled on the issues argued in the PRP. It is immaterial that Vazquez originally raised the issues in a motion to vacate the judgment in the trial court. RCW 10.73.140 limits collateral review in this instance.
Vazquez argues that a contrary result is mandated by the Supreme Court's recent decision in In re Personal Restraint of Bailey, 141 Wash.2d 20, 22, 1 P.3d 1120 (2000). In Bailey, the defendant filed with the trial court a CrR 7.8(b) motion to vacate his conviction based on newly discovered evidence. The trial court attempted to transfer the motion to the Court of Appeals for consideration as a PRP, but the Court of Appeals rejected the transfer. The trial court denied the CrR 7.8(b) motion, and Bailey appealed that denial. The Court of Appeals affirmed the trial court's denial of the CrR 7.8(b) motion. Bailey then filed a PRP with the Court of Appeals, raising some of the same issues he had raised in his CrR 7.8(b) motion. The issue was whether RCW 10.73.140 barred Bailey's personal restraint petition where Bailey had previously filed a motion for collateral relief with the trial court. The Court held that RCW 10.73.140 did not apply to the case, because this was Bailey's first PRP. "[T]he first part of RCW 10.73.140, by its own terms, applies only when `a person has previously filed a petition for personal restraint,' which Mr. Bailey has not." Bailey, 141 Wash.2d at 27, 1 P.3d 1120.
Bailey does not support Vazquez's position. The Bailey Court did not rule on the issue of whether a CrR 7.8 motion that was accepted by the Court of Appeals, and converted into a personal restraint petition, constituted a petition for collateral relief subject to the provisions of RCW 10.73.140. The Bailey holding is limited to those circumstances in which the Court of Appeals has yet to review a first request for collateral relief; in this case, the Court of Appeals has already adjudicated one such petition.
In sum, we hold that, where a CrR 7.8 motion is transferred to this court for consideration as a personal restraint petition, the defendant is barred by RCW 10.73.140 from filing successive petitions without good cause.
II. RAP 16.4(d)
The next issue is whether RAP 16.4(d) bars the petition. That rule provides that "No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." The question is whether the previous PRP that this court entertained on Vazquez's behalf was "for similar relief." "[S]imilar relief" refers to the grounds for the relief rather than the type of relief sought. In re Haverty, 101 Wash.2d 498, 503, 681 P.2d 835 (1984).
Vazquez raises two arguments in this successive PRP. First, Vazquez argues that he was denied his right to appeal when he was not kept informed of the status of proceedings in the Court of Appeals and the need to move to modify the court's decision *20 affirming his conviction. Vazquez has not raised this issue previously.
Second, Vazquez argues that his attorneys were ineffective for failing to challenge the sufficiency of the search warrant. This issue was raised in the previous PRP, but it was not argued. Further, this court did not rule on the issue. Therefore, this court has not previously entertained a PRP for similar relief. Neither of Vazquez's claims is barred by RAP 16.4(d).

CONCLUSION
Vazquez's PRP is barred by RCW 10.73.140 unless he can show good cause why he failed to raise the issues he now raises in his previous petition. Therefore, we remand the matter to the trial court for a reference hearing to determine whether Vazquez can show good cause. Vazquez can demonstrate good cause if he can show that there was an external objective impediment preventing him from raising the issues, rather than a self-created hardship. See State v. Crumpton, 90 Wash.App. 297, 302, 952 P.2d 1100 (1998).
COLEMAN, J., and KENNEDY, J., concur.
NOTES
[1] State v. Miguel Vazquez, Jr., King County No. 91-1-04667-7.