IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31260-7-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 31443-0-III) |
| v. | ) | |
| | ) | |
| DAVID WAYNE HALLS, | ) | |
| | ) | |
| Appellant. | ) | |
| ------------------------------------------------ | ) | |
| In the Matter of the Personal Restraint | ) | |
| Petition of: | ) | |
| | ) | |
| DAVID WAYNE HALLS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

SIDDOWAY, C.J. — David Wayne Halls was convicted of witness tampering with a domestic violence allegation, following a plea of guilty. He appeals, arguing that the trial court erred in (1) finding that the domestic violence component was proved and, on that basis, imposing a $100 domestic violence penalty and no-contact order, and (2) imposing legal financial obligations (LFOs) without sufficient inquiry into his present or future ability to pay them.

In a CrR 7.8 motion that Mr. Halls filed in superior court and that was transferred to this court for resolution as a personal restraint petition (PRP), Mr. Halls sought to withdraw his guilty plea. Mr. Halls now appears to wish to withdraw the PRP.

The State concedes that the record does not support the domestic violence allegation, a concession we accept. We refuse to entertain a challenge to the LFOs for the first time on appeal. We grant that part of Mr. Halls's recent pro se submission that we construe to be a request to withdraw his CrR 7.8 motion.

We remand with directions to amend the judgment and sentence to remove the domestic violence allegation, strike the $100 domestic violence penalty assessment, and vacate the domestic violence no-contact order. We otherwise affirm.

## FACTS AND PROCEDURAL BACKGROUND

In a separate case, David Wayne Halls was convicted of second degree assault for throwing a candle holder at his girl friend. *State v. Halls*, noted at ___ Wn. App. ___, 2014 WL 3697253, *petition for review filed*, No. 90711-1 (Sept. 8, 2014). Before his trial in that case, Mr. Halls sent a letter to the victim, asking her to make herself unavailable as a witness in his trial. As a result, Mr. Halls was charged with and pleaded guilty to witness tampering. At the plea hearing, the trial court reviewed with Mr. Halls the rights he was giving up by entering a guilty plea, and confirmed that his lawyer had reviewed the guilty plea statement with him. The court then accepted the guilty plea, finding that it was knowingly, voluntarily, and intelligently made.

Mr. Halls's sentencing was handled by a different judge than had accepted his guilty plea. At the sentencing hearing, Mr. Halls told the court that he wanted to "revoke" his guilty plea, apparently on the basis that he had not, in fact, understood what

2

he was doing. Report of Proceedings (Oct. 9, 2012) at 4. He appeared to attach importance to the fact that a no-contact order had not been in place at the time he sent the letter asking that his victim stay away from trial. The sentencing court explained to Mr. Halls that the purpose of that day's hearing was to sentence Mr. Halls based on his plea and proceeded with the sentencing.

The judgment and sentence entered by the court stated that Mr. Halls was guilty of witness tampering based upon a plea, and also that for the witness tampering charge, "domestic violence was pled and proved." Clerk's Papers at 48. In fact, Mr. Halls's statement on plea of guilty did not include language demonstrating that the offense was committed against a family or household member, nor was other evidence offered from which the court could make such a finding. On the basis of the domestic violence finding, the court imposed a $100 domestic violence fee and entered a domestic violence no-contact order.

A couple of months following the sentencing hearing, Mr. Halls filed a pro se motion to withdraw his guilty plea under CrR 7.8. The motion reiterated his belief expressed at sentencing that it somehow made a difference for purposes of the witness tampering charge that a no-contact order with the victim had not been in place at the time he sent the letter. The superior court found that Mr. Halls had failed to make a substantial showing that he was entitled to relief or that a factual hearing was required

3

and transferred the motion to this court for treatment as a personal restraint petition. The PRP was consolidated with the appeal.

Following the date on which this appeal was set for hearing without oral argument, Mr. Halls filed a pro se submission the overall purpose of which is not clear, but which asked, among other things, that we "reject [the case] and dismiss it matter leave it at rest. And leave Judgment & Sentence as is face [unintelligible] with Benton County Superior Courts as is 10-9-12." Letter from David Wayne Halls to Court of Appeals (Aug. 1, 2014), *State v. Halls*, No. 31260-7-III (Wash. Ct. App.).

ANALYSIS

*I. Domestic Violence Allegation*

Mr. Halls argues on appeal that his conviction with the domestic violence allegation, absent proof of domestic violence, violated his right to due process.

Mr. Halls was *charged* with witness tampering with a domestic violence allegation, but the State concedes that the record does not support the trial court's finding in the judgment and sentence that the domestic violence was proved. The State concedes that because domestic violence was not proved, the trial court lacked statutory authority to impose the domestic violence fee and to impose a domestic violence no-contact order that was unrelated to the crime as proved.

We accept the State's concessions.

4

## *II. Legal Financial Obligations*

Mr. Halls's remaining challenge on appeal is to the trial court's imposition of discretionary court costs, where it failed to take into account his present or future ability to pay, as required by RCW 10.01.160.

In *State v. Duncan*, 180 Wn. App. 245, 253, 327 P.3d 699, *petition for review filed*, No. 90188-1 (Apr. 30, 2014), we observed that whether a defendant will be unable to pay LFOs imposed at sentencing is not an issue that defendants overlook, it is one that they reasonably waive, and concluded that we would henceforth decline to address a challenge to a court's failure to consider that issue if raised for the first time on appeal. RAP 2.5(a). Our position is consistent with that of the other divisions of our court. *See State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010 (2013) and *State v. Calvin*, 176 Wn. App. 1, 316 P.3d 496, 507-08, *petition for review filed*, No. 89518-0 (Nov. 12, 2013).

Mr. Halls did not object to the trial court's imposition of discretionary costs in the trial court on the basis of the court's failure to consider his ability to pay. He thereby waived any challenge.

## *III. Personal Restraint Petition*

Mr. Halls's pro se submission filed with this court on August 6, 2014 is ambiguous, to say the least. If and to the extent it can be construed as a request that we dismiss review of Mr. Halls's appeal, we deny it as untimely, since it was filed after the

5

date set for hearing of the appeal without oral argument. *See* RAP 18.2.

We construe it, in part, to be a request for leave to withdraw Mr. Halls's untimely CrR 7.8 motion that was transferred to this court for treatment as a PRP. Recognizing that Mr. Halls may be concerned about future collateral consequences of our resolution of the motion as a PRP, we grant his request to withdraw the PRP. *Cf. State v. Smith*, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008) (citing RCW 10.73.140; *In re Pers. Restraint of Vazquez*, 108 Wn. App. 307, 313-14, 31 P.3d 16 (2001) as establishing that a CrR 7.8 motion resolved as a PRP following transfer will bar subsequent petitions).

We grant Mr. Halls leave to withdraw the PRP. We remand with directions to amend the judgment and sentence to remove the domestic violence allegation, strike the $100 domestic violence penalty assessment, and vacate the domestic violence no-contact order. We otherwise affirm.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Brown, J.

_____
Lawrence-Berrey, J.

6