[No. 49780–0.   En Banc.   February 16, 1984.]

ALPINE INDUSTRIES, INC., ET AL, *Respondents,* v.
MYRON C. GOHL, ET AL, *Petitioners.*

STAFFORD, J., did not participate in the disposition of this case.

*Nielsen, Nielsen & Leach, Inc., P.S.,* by *Drew Nielsen,* for petitioners.

*Trethewey, Brink, Todd & Clayton,* by *Winship A. Todd, Jr.,* for respondents.

PEARSON, J.—This case presents several issues requiring interpretation of the rules governing trial and appellate procedure. The first issue raised is whether a trial court's ruling on a CR 59(j) application for leave to file a new trial motion is an appealable order under RAP 2.2. We hold that, under the circumstances presented here, such a ruling constitutes a final order after judgment appealable pursuant to RAP 2.2(a)(13). The second issue raised is whether a trial court has jurisdiction to entertain a CR 59(j) application after the appellate court has issued its mandate. We hold the trial court has jurisdiction to consider the application without first obtaining leave of the appellate court.

Respondent Alpine Industries, Inc. (Alpine) brought this action against Myron Gohl alleging Gohl had breached his contract to construct a new manufacturing plant for Alpine. The jury rendered a verdict for Alpine which included an award of $164,749.50 lost profits from construction delays. Gohl moved for judgment notwithstanding the verdict, or in the alternative, a new trial. The trial judge granted the motion for judgment n.o.v. as to the award of lost profits, finding Alpine had failed to establish the amount of its damages with reasonable certainty.

Alpine appealed. The Court of Appeals reversed and reinstated the jury verdict. *Alpine Indus., Inc. v. Gohl,* 30 Wn. App. 750, 637 P.2d 998, 645 P.2d 737 (1981), *review denied,* 97 Wn.2d 1013 (1982). On May 3, 1982, the mandate of the Court of Appeals was transmitted to the trial court.

On May 27, 1982, Gohl filed, in the trial court, an application for leave to file a motion for a new trial pursuant to CR 59(j), which provides in pertinent part:

> If a motion . . . for a new trial, or for judgment notwithstanding the verdict, is made and heard before the entry of the judgment, no further motion may be made for a new trial . . . without leave of court first obtained for good cause shown.

A CR 59(j) application was necessary because Gohl had previously filed a new trial motion. Gohl asserted that leave

of court was warranted based on newly discovered evidence which could not have been discovered in time for presentation at trial and which allegedly demonstrated an error in the lost profits calculations.

The trial court subsequently denied Gohl's CR 59(j) application and entered judgment on the jury verdicts. In denying the application, the trial court did not determine whether Gohl had demonstrated good cause. Instead, the trial court ruled it lacked jurisdiction to consider a CR 59(j) application following appeal of the case.

Gohl appealed. The appellate court granted Alpine's motion to dismiss the appeal. The Court of Appeals ruled that although an order to grant or deny a motion for a new trial is appealable under RAP 2.2(a), an application for leave to file a second motion for a new trial is not a final, appealable order under any of the subsections of RAP 2.2(a). We reverse.

## I

The civil rules provide several methods by which a decision may be challenged on grounds of newly discovered evidence. Under CR 59, a motion for a new trial or an alternative motion for a new trial or judgment notwithstanding the verdict is permitted based upon newly discovered evidence which is material and could not with reasonable diligence have been discovered and produced in time for trial. CR 60(b)(3) provides the vehicle for a motion for relief from judgment based upon "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)". Orders granting or denying these CR 59 or CR 60 motions are appealable. RAP 2.2(a)(9), (10). The Rules of Appellate Procedure thus seek to accommodate considerations of newly discovered evidence claims.

A CR 59(j) application is a necessary prerequisite to a newly discovered evidence claim where, as here, a previous new trial motion has been made and judgment has not yet been entered. Unlike the grant or denial of a new trial

motion or a motion for relief from judgment, however, no procedural rule expressly provides for appeal from a grant or denial of a CR 59(j) application. Nevertheless, the Rules of Appellate Procedure are to be "liberally interpreted to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a); *see Millikan v. Board of Directors,* 92 Wn.2d 213, 595 P.2d 533 (1979); *Fox v. Sackman,* 22 Wn. App. 707, 591 P.2d 855 (1979). In light of this policy and the aim of the rules to accommodate consideration of newly discovered evidence claims, we find the trial court's denial of the CR 59(j) application appealable under RAP 2.2(a)(13).

RAP 2.2(a)(13) permits appeal from "[a]ny final order made after judgment which affects a substantial right." The order denying the CR 59(j) application was signed on the same date as the judgment. Applying substance over form, the order denying the CR 59(j) application should be considered a final order *after* judgment. Further, the trial court's ruling that it lacked jurisdiction affected a substantial right. CR 59(a)(4) recognizes that newly discovered evidence may materially affect the substantial rights of a party and such a claim underlies petitioner's CR 59(j) application. By finding a lack of jurisdiction, the trial court denied petitioner the right to a determination as to whether good cause existed to hear a new trial motion and, if so, whether grounds existed to grant a new trial.

## II

Prior to the adoption of the Rules of Appellate Procedure, the trial court lost jurisdiction to enter any judgment not in exact compliance with the mandate of the appellate court. If a party sought modification of a trial court judgment while an appeal was pending, or of an appellate court mandate following affirmance or reversal, the proper procedure was to ask the appellate court for permission to proceed in superior court. *See, e.g., Doss v. Schuller,* 47 Wn.2d 520, 522, 288 P.2d 475 (1955); *White v. Donini,* 173 Wash. 34, 21 P.2d 265 (1933); *In re Shilshole Ave.,* 101 Wash. 136,

141, 172 P. 338 (1918). The trial court lacked jurisdiction to proceed without appellate leave because the trial court's judgment, once appealed and determined by the appellate court, became a judgment of the appellate court. *In re Shilshole Ave., supra.* Without an appellate leave procedure, it was believed that litigation would never be ended and the reviewing tribunal would be shorn of *its* authority over trial courts. *Gudmundson v. Commercial Bank & Trust Co.,* 160 Wash. 489, 496, 295 P. 167 (1931).

RAP 7.2 alters the procedure with respect to modifications sought after review is accepted by the appellate court. RAP 7.2(e) provides in part:

> The trial court has authority to hear and determine (1) postjudgment motions authorized by the civil rules . . . and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the entry of the trial court decision.

Thus, a postjudgment motion is presented to the appellate court only if the trial court is inclined to grant the motion and grant of the motion will affect the decision under review. "Under these rules, the motion is heard first in the court best equipped to evaluate the grounds for a post–trial motion. Unnecessary work for the appellate court is eliminated." Comment, RAP 7.2(e), 86 Wn.2d 1173 (1976).

█ The policies expressed in the Comment to RAP 7.2(e) remain applicable where modification is sought after appellate review has been completed. We hold appellate leave is not required where a party seeks modification of a decision after issuance of the appellate mandate if the modification sought relates to later events not before the appellate court during the first appeal. Unlike the RAP 7.2(e) procedure, however, permission of the appellate court need not be obtained even if the trial court is inclined to grant the motion because the trial court's action will not affect a pending appeal. Rather, the trial court's action is

subject to review as any other trial court decision.

In rejecting the appellate leave requirement, we follow the approach adopted by the United States Supreme Court in *Standard Oil Co. v. United States,* 429 U.S. 17, 50 L. Ed. 2d 21, 97 S. Ct. 31 (1976). In the *Standard Oil* case, the movant asked the Supreme Court to recall its mandate affirming a trial court injunction. The movant sought appellate leave to bring a Fed. R. Civ. P. 60(b) motion to set aside the judgment. The Supreme Court rejected the appellate leave requirement, stating:

> In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion. Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60 (b) proceeding. Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60 (b) motions. Indeed, the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60 (b)," . . .

(Citations omitted.) 429 U.S. at 18–19.

The CR 59(j) application was a necessary preliminary step to a CR 59(a)(4) motion for a new trial based on newly discovered evidence which allegedly could not with reasonable diligence have been discovered and produced at the trial.[1] Because Gohl's motion for a judgment n.o.v. was granted, Gohl did not further pursue the newly discovered evidence claim until the appellate court issued its decision reversing the judgment n.o.v. Thus, the alleged newly discovered evidence was not in the record and issues before the Court of Appeals during the first appeal. Hence, as in *Standard Oil,* the trial court will not flout the appellate mandate by acting upon the CR 59(j) application.

Accordingly, we hold (1) that a CR 59(j) motion for leave

---

[1]We make no determination as to the merits of the allegations supporting Gohl's CR 59(j) application.

to file a second new trial motion may be heard by the trial court after issuance of the appellate mandate where the motion does not relate to the record and issues previously before the appellate court and (2) denial of such a motion is appealable under RAP 2.2(a). All prior decisions of this court to the contrary were modified by changes in the court rules discussed above.

### III

Alpine asserts it is entitled to attorney's fees under the construction contract which provides for an award of attorney's fees to the prevailing party. Neither Alpine nor Gohl can properly be classified as a "prevailing party" at this stage of the proceedings, however. Determination of who is the prevailing party should be made by the trial court on remand based upon the outcome of the CR 59(j) application. If Gohl's CR 59(j) application is granted and his newly discovered evidence claim is found to have merit, then Gohl may be entitled to attorney's fees. On the other hand, if Gohl's allegations are meritless, Alpine should receive attorney's fees.

Reversed and remanded.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.