[No. 42929-9-I. Division One. December 7, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. PRIESTLEY THOMPSON, *Petitioner.*

*David L. Donnan* of *Washington Appellate Project*, for petitioner.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

PER CURIAM — Indigent offenders have a statutory right to counsel when they file an appeal "as a matter of right."[1] A party may appeal an order denying a motion to vacate a judgment as a matter of right.[2] Because Priestley Thompson

---

[1]RCW 10.73.150(1).

[2]RAP 2.2(a)(10).

is indigent and his appeal is one that is allowed as a matter of right, we reverse the trial court's order denying him his right to counsel at public expense.

## FACTS

Thompson was convicted of residential burglary and attempting to elude a pursuing police vehicle. The trial court imposed a standard range sentence and Thompson did not appeal. Ten months later, he moved, pursuant to CrR 7.8, to vacate the judgment. He contended that the court erroneously calculated his offender score. The court denied the motion and Thompson appealed.

Thompson moved for an order of indigency under RAP 15.2(a). The court granted Thompson's motion. That order provided, among other things, for appointed appellate counsel. The State moved to vacate the indigency order, contending Thompson was not entitled to appellate counsel because his appeal was not as a matter of right. The court agreed and entered an amended indigency order. The court found that Thompson was indigent and ordered transcription of the sentencing hearing at public expense. But the court denied the appointment of appellate counsel at public expense.

We granted discretionary review of the amended order.

## DECISION

Thompson and the State agree that this case hinges on the interpretation of the phrase "appeal as a matter of right" found in the right to counsel statute, RCW 10.73.150.[3] Thompson maintains that the right applies to his challenge to the court's denial of his motion to vacate

---

[3]RCW 10.73.150 provides:

"Counsel shall be provided at state expense to an adult offender convicted of a crime and to a juvenile offender convicted of an offense when the offender is indigent or indigent and able to contribute as those terms are defined in RCW 10.101.010 and the offender:

"(1) Files an appeal *as a matter of right*;

because RAP 2.2(a)(10) affords him the right to appeal.[4] The State disagrees, asserting that the term "appeal as a matter of right" is limited to the constitutional right of appeal. We agree with Thompson.

 The phrase before us is undefined in the statute. Thus, we are required to construe the phrase to determine the Legislature's intent. Construction of a statute is a question of law that we review de novo under the error of law standard.[5] The Legislature is presumed to have in mind the Rules of Appellate Procedure when promulgating legislation dealing with the right of appeal.[6]

---

"(2) Responds to an appeal filed as a matter of right or responds to a motion for discretionary review or petition for review filed by the state;

"(3) Is under a sentence of death and requests counsel be appointed to file and prosecute a motion or petition for collateral attack as defined in RCW 10.73.090. Counsel may be provided at public expense to file or prosecute a second or subsequent collateral attack on the same judgment and sentence, if the court determines that the collateral attack is not barred by RCW 10.73.090 or 10.73.140;

"(4) Is not under a sentence of death and requests counsel to prosecute a collateral attack after the chief judge has determined that the issues raised by the petition are not frivolous, in accordance with the procedure contained in rules of appellate procedure 16.11. Counsel shall not be provided at public expense to file or prosecute a second or subsequent collateral attack on the same judgment and sentence;

"(5) Responds to a collateral attack filed by the state or responds to or prosecutes an appeal from a collateral attack that was filed by the state;

"(6) Prosecutes a motion or petition for review after the supreme court or court of appeals has accepted discretionary review of a decision of a court of limited jurisdiction; or

"(7) Prosecutes a motion or petition for review after the supreme court has accepted discretionary review of a court of appeals decision."

(Emphasis added.)

[4]RAP 2.2 provides:

"(a) **Generally.** Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:

". . . .

"(10) *Order on Motion for Vacation of Judgment.* An order granting or denying a motion to vacate a judgment."

[5]*State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996).

[6]*See Martin v. Triol*, 121 Wn.2d 135, 148, 847 P.2d 471 (1993)(Legislature presumed to have full knowledge of existing laws affecting matters upon which they act); *Miller v. Paul Revere Life Ins. Co.*, 81 Wn.2d 302, 308, 501 P.2d 1063 (1972) (Legislature presumed to have in mind decisions of court).

■■ Here, RAP 2.2 provides a list of decisions that an aggrieved party may appeal as a matter of right. Among those decisions is a denial of a motion to vacate a judgment. Had the Legislature wished to limit the "appeal as a matter of right" to something less than that provided for in RAP 2.2, it could have easily done so.[7] It did not.

The State cites LAWS OF 1995, ch. 275, § 1, where the Legislature referred to "the first appeal as a matter of right" as indicating an intent to limit "appeal as a matter of right" to the constitutional right to appeal. But the cited language does not support the State's argument. It states:

> The legislature is aware that the constitutional requirements of equal protection and due process require that counsel be provided for indigent persons and persons who are indigent and able to contribute for the first appeal as a matter of right from a judgment and sentence in a criminal case or a juvenile offender proceeding, and no further. There is no constitutional right to appointment of counsel at public expense to collaterally attack a judgment and sentence in a criminal case or juvenile offender proceeding or to seek discretionary review of a lower appellate court decision.
>
> The legislature finds that it is appropriate to extend the right to counsel at state expense beyond constitutional requirements in certain limited circumstances to persons who are indigent and persons who are indigent and able to contribute as those terms are defined in RCW 10.101.010.

The Legislature clearly indicated its intent to extend the right to counsel for indigent persons beyond constitutional requirements in limited circumstances.[8]

The State also contends it would be absurd to find a right to counsel for an offender who appeals a denial of a motion to vacate judgment because he would not be entitled to an

---

[7]*See, e.g.*, RCW 4.88.330 (indigent civil litigant entitled to public payment for appellate expenses only where she has constitutional right to obtain review).

[8]*State v. Mills*, 85 Wn. App. 285, 291, 932 P.2d 192 (1997).

attorney if he made the same claims in a personal restraint petition (PRP).[9] This argument confuses the procedural posture of Thompson's case.

Thompson did not file a direct appeal from his judgment and sentence, but rather moved to vacate the judgment after the 30-day appeal deadline expired. Under CrR 7.8(c) the trial court was authorized to either decide the motion or transfer the motion to the Court of Appeals. This motion in the trial court was the equivalent of a PRP in a reviewing court.[10] Like a personal restraint petitioner, Thompson was not initially entitled to counsel and the trial court was authorized to deny the motion without a hearing if the facts did not establish grounds for relief.[11]

But Thompson has now filed an appeal from the court's denial. This implicates RCW 10.73.150(1), not 10.73.150(4). Thus, Thompson is filing an "appeal as a matter of right" under RAP 2.2(a)(10), not prosecuting an initial collateral attack. Under the plain language of the governing statute, Thompson is entitled to appointed counsel.

We reverse the amended order and remand for entry of an order granting the appointment of appellate counsel at public expense.

---

[9]*See* RCW 10.73.150(4) (providing right to counsel only if chief judge first finds petition is not frivolous under RAP 16.11).

[10]*See State v. Brand*, 120 Wn.2d 365, 370, 842 P.2d 470 (1992)(court may not consider motion for relief from judgment under CrR 7.8 if movant has previously brought collateral attack on similar grounds).

[11]CrR 7.8(c)(2).