[No. 28307-7-II.  Division Two.  August 5, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. SARAH EILEEN POSTON, *Appellant*.

*John A. Hays*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *Michael H. Evans, Deputy*, for respondent.

MORGAN, J. — The question is whether an offender who fails to successfully complete a drug court program must, at sentencing on the underlying charge, be credited with time spent in jail and on electronically monitored home detention, pursuant to the drug court's order. The answer is yes.

According to RCW 2.28.170(2), a drug court is:

a court that has special calendars or dockets designed to achieve a reduction in recidivism and substance abuse among

nonviolent, substance abusing offenders by increasing their likelihood for successful rehabilitation through early, continuous, and intense judicially supervised treatment; mandatory periodic drug testing; and the use of appropriate sanctions and other rehabilitation services.

Cowlitz County was operating such a court when, on March 6, 2000, Sarah Eileen Poston was charged with six counts of forgery committed in November 1999. She was accepted into drug court subject to various conditions, including completion of a drug treatment program and participation in drug court meetings. Beginning on November 14, 2000, she served four days in jail for violating her conditions. Beginning on July 21, 2001, she served 27 more days in jail, plus 34 days on electronically monitored home detention, for again violating her conditions. On November 9, 2001, she was expelled from drug court and returned to jail.

On December 14, 2001, Poston was convicted and sentenced on five counts of forgery.[1] The court imposed standard-range concurrent sentences of six months on each count, with credit for time served from and after November 9, 2001. Over Poston's objection, the court denied credit for the 31 days she had served in jail during the fall of 2000 and the summer of 2001, and also for the 34 days she had spent on electronically monitored home detention. The court denied release pending appeal, and Poston has now served her entire sentence.

Preliminarily, Poston notes that the case may be moot. She argues, however, that it involves a recurrent matter of public interest, and thus should be reviewed anyway. The State does not respond.

■■ A case that is moot will nonetheless be reviewed if it involves a matter of continuing and substantial public interest that is likely to recur and on which guidance is needed.[2] Those criteria are met here, as the State seems to acknowledge by its silence. Accordingly, we proceed to the

---

[1] A sixth count was dismissed.

[2] *In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983).

question presented: Whether an offender who is admitted to a drug court program, but who fails to successfully complete that program, must, at sentencing on the underlying charge, be credited with time spent in jail and on electronic monitoring, pursuant to the drug court's order.

RCW 9.94A.505(6) provides that "[t]he sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced."[3] "Confinement" can be total or partial.[4] Total confinement includes 24-hour confinement in a county jail,[5] and partial confinement includes electronically monitored home detention.[6] RCW 9.94A.505(6) does not distinguish presentence confinement imposed by a drug court from presentence confinement imposed by any other court. Accordingly, we hold that Poston was entitled to credit for an additional 65 days of confinement.

The State asserts that the trial court held Poston in contempt, and, thus, that she did not serve her time "solely in regard to" the forgeries for which she was sentenced. The record gives no hint of a contempt proceeding and, if it did, such proceeding would not be separate from the initial charges if based solely on violations of program rules and if commenced as a subterfuge to avoid credit for time served. Poston served all of her time "solely in regard to" the offenses for which she was ultimately convicted, and the trial court erred by not awarding her 65 days of additional credit for time served.

---

[3] In November 1999, when Poston committed her offenses, this statute was codified as RCW 9.94A.120(17).

[4] RCW 9.94A.030(10). In November 1999, when Poston committed her offenses, this subsection was codified as RCW 9.94A.030(9).

[5] RCW 9.94A.030(42). In November 1999, when Poston committed her offenses, this statute was codified as RCW 9.94A.030(38).

[6] RCW 9.94A.030(31). *See also State v. Speaks*, 119 Wn.2d 204, 209, 829 P.2d 1096 (1992) ("SRA affords sentence credit for time spent in electronically monitored presentence home detention"). In November 1999, when Poston committed her offenses, RCW 9.94A.030(31) was codified as 9.94A.030(28).

Reversed.

HUNT, C.J., and BRIDGEWATER, J., concur.