[No. 30005-2-II.   Division Two.   March 22, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
JEANBERNARD LARRANAGA, *Petitioner*.

*John A. Hays*, for petitioner.

*Arthur D. Curtis, Prosecuting Attorney*, and *Thomas C. Duffy, Deputy*, for respondent.

¶1 HOUGHTON, J. — This court granted discretionary review to determine whether the order denying William J. Larranaga's CrR 7.8 motion for resentencing was appealable as of right. We hold that the order was appealable as a matter of right under RAP 2.2(a).

### FACTS

¶2 On July 31, 2002, Larranaga pleaded guilty to possession of methamphetamine with intent to deliver and bail jumping. The State agreed to recommend a low-end standard range sentence while allowing the defense to request a DOSA (Drug Offender Sentencing Alternative) sentence.[1] The trial court imposed a mid-range sentence of 30 months

---

[1] A DOSA sentence is authorized under RCW 9.94A.660.

on the possession charge and a concurrent sentence of 8 months on the bail jumping charge.

¶3 On January 13, 2003, Larranaga filed a motion for resentencing, arguing that relief was warranted under CrR 7.8(b)(1) and (4). He argued that his sentence should be vacated and a DOSA sentence imposed because (1) he received ineffective assistance of counsel, (2) he was eligible for a DOSA, and (3) the trial court abused its discretion in denying him a DOSA sentence. He also argued that his motion should not be transferred to the Court of Appeals for treatment as a personal restraint petition.

¶4 The trial court issued a ruling denying resentencing, and Larranaga filed a timely notice of appeal. The trial court denied Larranaga's motion for an order of indigency on the basis that he could not now appeal a sentence that he failed to appeal within 30 days after sentencing. Because this ruling did not comply with RAP 15.2(b), a commissioner of this court remanded Larranaga's appeal so that the trial court could determine whether Larranaga was indigent and whether counsel should be appointed on appeal. The trial court entered an order finding Larranaga indigent but found that the question "whether an attorney should be appointed on an appeal that is patently frivolous on its face, is left to the discretion of the commissioner." Clerk's Papers at 90.

¶5 The commissioner then granted review and directed the trial court to appoint counsel on the limited issue of whether the order denying Larranaga's motion for resentencing was appealable as a matter of right under RAP 2.2(a).

ANALYSIS

¶6 While review of this case was pending, Larranaga was released from custody and placed on postrelease supervision. Consequently, this case is moot. *See In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) (case is moot if court can no longer provide effective relief). A case

that is moot will nonetheless be reviewed if it involves a matter of continuing and substantial public interest that is likely to recur and on which guidance is needed. *State v. Poston*, 117 Wn. App. 925, 927, 73 P.3d 1035 (2003). These criteria are satisfied here and we will address the issue raised.

¶7 A trial court may deny a motion for an order of indigency only "if a party has adequate means to pay all of the expenses of review." RAP 15.2(b)(1). Under RAP 15.2(d), an order of indigency "shall appoint counsel if the party is entitled to counsel on review at public expense." An indigent offender is entitled to counsel at public expense if the offender "[f]iles an appeal as a matter of right." RCW 10.73.150(1).

¶8 Larranaga argues that his motion is appealable as a matter of right under RAP 2.2(a)(9), which provides that a party may appeal from an order granting or denying a motion for new trial or amendment of judgment. The State responds that Larranaga has not filed a motion for relief from the underlying judgment but only a motion for resentencing and that RAP 2.2(a) does not authorize an appeal from an order denying the modification of a standard range sentence.

¶9 The State's response is not well taken, as correcting an erroneous sentence amends a judgment. *See State v. Hardesty*, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996) (a court has jurisdiction to amend a judgment to correct an erroneous sentence under CrR 7.8). Moreover, Division One has held that the denial of a motion for resentencing, brought as a CrR 7.8 motion to vacate the judgment, is appealable as a matter of right, thus entitling the offender to the appointment of appellate counsel.[2] *State v. Thompson*, 93 Wn. App. 364, 368-69, 967 P.2d 1282 (1998). In *Thompson*, the defendant was challenging the offender score that led to his standard range sentence and not his

---

[2] An offender is not entitled to appointed counsel, however, during the initial hearing on the CrR 7.8 motion. *State v. Forest*, 125 Wn. App. 702, 707-08, 105 P.3d 1045, 1047-48 (2005); *State v. Winston*, 105 Wn. App. 318, 325, 19 P.3d 495 (2001).

underlying conviction. 93 Wn. App. at 366. The fact that Larranaga titled his motion as one for resentencing rather than vacation of the judgment should not determine whether its denial is appealable.[3] *See Alpine Indus., Inc. v. Gohl*, 101 Wn.2d 252, 255, 676 P.2d 488 (1984) (questions of appealability are answered by applying substance over form).

¶10 As stated, Larranaga argued for vacation of his sentence and resentencing. RAP 2.2 provides that an aggrieved party may appeal as a matter of right a denial of a motion to vacate a judgment as well as a denial of a motion to amend a judgment. RAP 2.2(a)(10), (9). Larranaga's motion could fit within either category and was thus appealable as of right.

¶11 On appeal, the only order before us would be the trial court's denial of Larranaga's pro se CrR 7.8 motion. The original sentence would not be under consideration. Contrary to the trial court's apparent concerns in this case, an unappealed final judgment cannot be restored to an appellate track by filing a motion under CrR 7.8 and appealing the denial of the motion. *See State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). Consequently, appellate review would be limited to determining whether the trial court abused its discretion in denying Larranaga's motion. *See State v. Robinson*, 104 Wn. App. 657, 662, 17 P.3d 653, *review denied*, 145 Wn.2d 1002 (2001).

---

[3] Both *Winston* and *Thompson* concern the possibility of appointing counsel during various phases of a CrR 7.8 motion and distinguish such phases from those relevant to personal restraint petitions.

In *Winston*, the court refers to RCW 10.73.150(4) and its provision for appointed counsel if a defendant satisfies certain conditions in a personal restraint petition. 105 Wn. App at 323. *Winston* did not find a corresponding right to counsel for a collateral attack filed in the trial court through a CrR 7.8 motion for relief from judgment. *Thompson* holds, however, that an indigent defendant who moves to vacate his judgment and sentence under CrR 7.8 is entitled to counsel at public expense under RCW 10.73.150(1) when appealing the denial of his motion. 93 Wn. App. at 369. In *Thompson*, Division One points out that the State confuses the procedural posture of the case when it cites RCW 10.73.150(4) and declares that an appeal from the denial of a CrR 7.8 motion implicates RCW 10.73.150(1) and not RCW 10.73.150(4). 93 Wn. App. at 369. Thus, the restrictions on appointing counsel outlined in RCW 10.73.150(4) do not apply to appeals of CrR 7.8 motions.

¶12 We hold that the denial of Larranaga's motion was appealable as a matter of right.

QUINN-BRINTNALL, C.J., and BRIDGEWATER, J., concur.