FILED
COURT OF APPEALS
DIVISION II

2014 JUL -8 AM 10: 11

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45295-2-II |
| Respondent, | |
| v. | |
| MITCHELL ANTHONY RUDNICK, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J.—Mitchell Anthony Rudnick appeals the superior court's denial of his CrR 7.8 motion to withdraw his plea of guilty to third degree child molestation.[1] He argues that the superior court should have transferred his motion to this court to be considered as a personal restraint petition (PRP). We agree, reverse the order denying the motion to withdraw the plea, and direct the superior court to transfer Rudnick's motion to us to be considered as a PRP.

## FACTS

On September 6, 2012, Rudnick entered a plea of guilty to a charge of third degree child molestation. As part of the plea bargain, both parties recommended 6 months of actual confinement and 12 months of community custody. On October 17, the superior court sentenced Rudnick to a longer term than the parties had recommended in the plea bargain, stating:

> Well, Mr. Rudnick's current statement kind of mirrors what he said in the PSI that caused me a whole lot of concern that this isn't his fault and his concept of boundaries are pretty non-existent. I'll impose 9 months, 12 months community custody, enter the no-contact order.

Verbatim Report of Proceedings (Oct. 17, 2012) at 10.

_____

[1] Although Rudnick filed his motion to withdraw his guilty plea under CrR 4.2(f), that rule provides that "[i]f the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8."

Less than a year later, on June 26, 2013, Rudnick filed a CrR 7.8 motion to withdraw his plea of guilty, asserting that the superior court had "stated on the record that this was not my fault." Clerk's Papers (CP) at 29-30. Denying this motion, the superior court stated, "Defendant has not made substantial showing he is entitled to relief." CP at 32. Rudnick appeals.[2]

ANALYSIS

Rudnick argues that (1) CrR 7.8(c) required the superior court to transfer his CrR 7.8 motion to this court to be considered as a PRP; and (2) therefore, the trial court abused its discretion in denying his motion.[3] *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). We agree.

Since its 2007 amendment, CrR 7.8(c) has provided:

(c)     Procedure on Vacation of Judgment.
(1)     Motion.  Application shall be made by motion stating the grounds upon which relief is asked, and supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based.
(2)     Transfer to Court of Appeals.  The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

---

[2] A commissioner of this court initially considered Rudnick's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[3] The State counters that the superior court did not abuse its discretion because (1) Rudnick's motion did not meet the CrR 7.8(c)(1) requirement that he "stat[e] the grounds upon which relief is asked and supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based"; and (2) Rudnick's characterization of the sentencing court's comment about fault is not a "ground . . . upon which relief is asked." Br. of Resp't at 2-3. For 21 years, CrR 7.8(c) allowed the superior court to (1) deny a CrR 7.8 motion without a hearing if the alleged facts did not establish grounds for relief; (2) transfer the motion to the court of appeals for consideration as a personal restraint petition if the transfer would serve the ends of justice; or (3) set a hearing so the adverse party could show why the court should not grant the requested relief. CrR 7.8(c)(2) (adopted September 1, 1986); *see also Smith*, 144 Wn. App. at 862. But this rule has changed since September 1, 2007.

2

(3)    Order to Show Cause. If the court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.

Because Rudnick filed his CrR 7.8 motion to withdraw his plea of guilty within one year of entry of his judgment and sentence, it is not barred by RCW 10.73.090. Therefore, under the plain language of CrR 7.8(c), the superior court was required to transfer his motion to us to be considered as a PRP unless (1) Rudnick made a substantial showing that he was entitled to relief or (2) resolution of his motion required a factual hearing. *Smith*, 144 Wn. App at 863. The superior court did not find that Rudnick made a substantial showing of entitlement to relief or that his motion required a factual hearing. Thus, the superior court was required to transfer the motion to us, and therefore, it abused its discretion in denying the motion. *See State v. Larranaga*, 126 Wn. App. 505, 509, 108 P.3d 833 (2005).

We reverse the superior court's order denying Rudnick's motion to withdraw his plea of guilty, and we direct the superior court to transfer his motion to us for consideration as a PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, C.J.

Melnick, J.

3