# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52379-5-II |
| Respondent, | |
| v. | |
| BARRY ROYCE DRAGGOO, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — In 2009, a jury convicted Barry Draggoo of three counts of child molestation in the first degree. In 2016, the State informed Draggoo that an expert witness who testified at his trial had falsified her credentials. Draggoo filed a CrR 7.8(b) motion for a new trial. The court denied the motion, and Draggoo appeals.

Because the newly discovered evidence was merely impeachment evidence and Draggoo failed to prove that the evidence would probably impact the outcome of the trial, we affirm. We also reject Draggoo's assetions in his statement of additional grounds (SAG).

## FACTS

In 2008, the State charged Draggoo with three counts of child molestation in the first degree, alleging that he molested two victims over a period of two years, between 2002 and 2005. The case proceeded to trial.

Draggoo's former cellmate testified that Draggoo admitted to raping his stepdaughter's friend on two separate occasions. Based on this admission, an investigation began and it led to two possible victims, NJD and RRS. NJD testified that she recalled three specific incidents of Draggoo touching her inappropriately, and although she did not remember well, she said Draggoo touched her approximately 20 other times. RRS testified that Draggoo had touched her inappropriately at least once.

Toni Nelson, a social worker, testified that child victims of sexual assault commonly delay disclosure of abuse, deny it happened, or disclose abuse little by little over time. The investigating detective also testified that based on his training and experience, it is normal for sexual assault victims to delay disclosure and to disclose the details little by little over time.

A jury convicted Draggoo on all counts. Draggoo appealed, and we affirmed the convictions.[1] A mandate issued on July 2, 2010. Draggoo also filed a personal restraint petition that was dismissed, and we issued a certificate of finality in February 2013.

In January 2016, the State became aware that Nelson falsified many of her qualifications. An investigation revealed that she did not possess the educational background, degrees, or certifications that she claimed she had when testifying. Nelson had worked as a community-based advocate for domestic violence and sexual assault victims for at least several years. By letter dated February 3, 2016, the State informed defendants whose cases Nelson worked on about her false testimony.

---

[1] *State v. Draggoo*, noted at 156 Wn. App. 1019 (2010).

Draggoo filed a motion for a new trial based on the newly discovered information. He also claimed that the State violated *Brady v. Maryland*.[2, 3] The court held a hearing on the motion and considered partial trial transcripts, briefing, and argument from counsel. At the hearing, the State acknowledged that it likely would not have called Nelson because of her dishonesty about her qualifications, not because of her lack of education and credentials.

The court denied the motion and made the following relevant conclusions of law.

2.3. Draggoo failed to show the newly evidence would probably change the result of the trial due to Detective Callas' testimony and the testimony of all the other witnesses at the trial regarding the incidents. The overall record in the case does not support that the newly discovered evidence, or Ms. Nelson's testimony, would probably change the result of the trial.

2.4. The evidence was discovered since the trial and could not have been discovered before the trial by the exercise of due diligence.

2.5. The evidence is material, as in regards to the basis of Ms. Nelson's testimony.

2.6. The evidence in not merely cumulative, but is impeaching.

2.7. There was no *Brady* . . . violation. Draggoo's case was litigated to its conclusion when the State found out a community based advocate lied about her credentials. There was no currently pending habeas actions which required continuing obligations under *Brady* to provide exculpatory evidence after a trial.

Clerk's Papers at 47.

Draggoo appeals.

---

[2] 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[3] In the February 3, 2016 letter, the prosecutor said he had met with Nelson on January 26, 2015, but this date was a typo. The meeting actually occurred on January 27, 2016. Draggoo claimed that the State had violated *Brady* by waiting a year to inform him of Nelson's lies.

ANALYSIS

Draggoo argues that the court erred by denying his motion for a new trial based on newly discovered evidence. He contends that because Nelson was not qualified as an expert in the first place, the State would not have called her and therefore evidence of her false credentials could not be impeachment evidence. He also argues that the newly discovered evidence was material, highly prejudicial, and denied him a right to a fair trial. We disagree with Draggoo.

CrR 7.8(b)(2) allows a defendant to seek relief from judgement based on newly discovered evidence which by due diligence could not be discovered in time to move for a new trial under CrR 7.5. When a motion for a new trial is based on newly discovered evidence, we review a ruling denying it for an abuse of discretion. *State v. Gassman*, 160 Wn. App. 600, 608, 248 P.3d 155 (2011). A trial court abuses its discretion when its decision is based on untenable or unreasonable grounds. *State v. Partee*, 141 Wn. App. 355, 361, 170 P.3d 60 (2007). Because Draggoo did not assign error to any of the trial court's findings of fact, they are verities on appeal. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011).

A defendant has a right to appeal the denial of a CrR 7.8 motion. *State v. Larranaga*, 126 Wn. App. 505, 508, 108 P.3d 833 (2005). Appellate review is limited to whether the trial court abused its discretion when it denied the CrR 7.8 motion. *Larranaga*, 126 Wn. App. at 509.

> A trial court will not grant a new trial on the basis of newly discovered evidence unless the moving party demonstrates that the evidence "(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching." The absence of any one of these factors is grounds to deny a new trial.

*State v. Statler*, 160 Wn. App. 622, 632, 248 P.3d 165 (2011) (citation omitted) (quoting *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)).

Draggoo's argument fails on at least two grounds. First, impeachment evidence is evidence that tends to cast doubt on the credibility of the person being impeached. ER 607. In this case, Nelson possessed the qualifications to testify as an expert witness on delayed reporting, failing to report, and incomplete reporting, even though she did not possess the credentials she claimed to have. Nelson's dishonesty about her credentials would not have prevented her from testifying as an expert. Therefore, the fact that she lied about her credentials is merely impeachment evidence. It does not form the basis for a new trial.

Second, Draggoo needed to demonstrate that the evidence would "'probably change the result of the trial.'" *Statler*, 160 Wn. App. at 632 (quoting *Williams*, 96 Wn.2d at 223). The testimony about delayed reporting was important to show why RRS and NJD did not report the molestation at the time it happened. However, the investigating detective also testified about delayed disclosure by sexual assault victims. Although the detective's testimony included less detail than Nelson's testimony, it informed the jury of the same general concepts. Draggoo has not shown that the new evidence would probably change the trial's result.

## SAG

Draggoo asserts that the court erred in determining that the newly discovered evidence would not change the outcome of the trial. As explained above, we disagree.[4]

Draggoo also asserts that the court erred in concluding that no *Brady* violation occurred because the prosecutor "failed to provide discovery in a timely manner." SAG at 6. Because this

---

[4] Where a SAG contains errors that "have been thoroughly addressed by counsel," they are "not proper matters for [the SAG] under RAP 10.10(a)." *State v. Thompson*, 169 Wn. App. 436, 493, 290 P.3d 996 (2012).

claim involves matters outside of the record, we do not consider it. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040

Melnick, J.

We concur:

Maxa, C.J.

Sutton, J.