# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>SHANE AMMEL LYNN,<br><br>Appellant. | No.  57342-3-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Shane A. Lynn appeals the trial court's denial of his CrR 7.8 motion for relief

from judgment and for appointment of counsel pursuant to CrR 3.1.  Lynn argues that the trial

court erred in denying him appointment of counsel.  In a statement of additional grounds (SAG),

Lynn also argues that (1) the trial court should have transferred his CrR 7.8 motion as a personal

restraint petition (PRP) to the Court of Appeals and (2) that the trial court applied the incorrect

legal standard when evaluating whether Lynn made a substantial showing of entitlement to relief.

Because the trial court's CrR 7.8 motion hearing was an initial hearing to determine

whether it should retain Lynn's motion or transfer it as a PRP pursuant to CrR 7.8(c)(2), we hold

the trial court did not err when it denied Lynn appointed counsel.  However, the trial court erred

when it failed to transfer Lynn's CrR 7.8 motion as a PRP to the Court of Appeals upon a finding

that Lynn did not make a substantial showing of entitlement to relief or that a factual hearing was

not required to resolve the matter. Therefore, we reverse and remand to the trial court with instructions for the trial court to transfer Lynn's CrR 7.8 motion to the Court of Appeals as a PRP.[1]

FACTS

A.    BACKGROUND

In 2019, Lynn was charged with first-degree assault (count I), second-degree assault (count II), possession of a stolen vehicle (count III), and attempting to elude a police vehicle (count IV). Lynn had been apprehended following a high-speed police car chase, during which Lynn had thrown propane cannisters and fired a flare gun at the officers in pursuit. *See State v. Lynn*, No. 82543-7-I, slip op. at 2 (Wash. Ct. App. Oct. 25, 2021) (unpublished).[2]

In the charging document,[3] count I stated that Lynn, "with intent to inflict great bodily harm, did assault another person, to wit: Kelly Lafrance, with a firearm or any deadly weapon or by any force or means likely to produce great bodily harm or death." Clerk's Papers (CP) at 10-11. Count II stated that Lynn "did intentionally assault another person, to wit: Sgt. Kelly LaFrance, with a deadly weapon, to wit: a flare gun." CP at 11.

Following a bench trial, the trial court found Lynn guilty of counts I, III, and IV. Lynn was acquitted of count II, the second-degree assault charge. The trial court entered a judgment and sentence on November 25, 2019. This court affirmed on appeal. *Lynn*, No. 82543-7-I, slip

---

[1] Because Lynn's motion should be transferred to this court as a PRP, we do not address the second argument in Lynn's SAG.

[2] https://www.courts.wa.gov/opinions/pdf/825437.pdf

[3] The State had originally charged Lynn with second-degree assault and second-degree unlawful possession of a firearm in addition to possession of a stolen vehicle and attempting to elude a police vehicle. The State later amended the charges to drop the unlawful possession of a firearm charge and added a first-degree assault charge.

op. at 13. The Supreme Court denied Lynn's petition for review, and this court issued a mandate terminating review on March 11, 2022.

B.     CrR 7.8 MOTION

On May 2, 2022, Lynn filed a motion for relief from judgment pursuant to CrR 7.8(b)(1), (4), and (5), and for appointment of counsel pursuant to CrR 3.1. Lynn argued that the charging document was defective because count I, the first-degree assault charge, was missing the "essential element[]" of the "'identity'" of the deadly weapon, and therefore, he did not have adequate notice to prepare a defense. CP at 67.

On May 24, 2022, the trial court held a hearing on Lynn's motion. During the hearing, Lynn requested an attorney because he believed that "with the assistance of counsel, after examination of the trial record it would be evident that . . . [Lynn] was prejudiced and may be entitled to relief." 1 Verbatim Rep. of Proc. (VRP) (May 24, 2022) at 5. The State argued that Lynn's motion was untimely, since the judgment and sentence had been entered in November 2019, and should be transferred to the Court of Appeals.

The trial court agreed with the State that Lynn's motion was untimely. The trial court also stated that even if Lynn's motion was timely, it did "not believe that there [was] a substantial showing that [Lynn was] entitled to relief and [the matter did] not require any further factual hearing." 1 VRP (May 24, 2022) at 8. The trial court then asked Lynn whether he wanted to transfer his motion as a personal restraint petition (PRP) to the Court of Appeals. Lynn responded affirmatively. The trial court stated that it would "put together an order that does the transfer to the Court of Appeals" and deny Lynn's motion for appointment of counsel. 1 VRP (May 24, 2022) at 9. However, the trial court never entered any written order regarding either the PRP or the denial of Lynn's request for counsel.

C.    MOTION FOR RECONSIDERATION

On June 13, 2022, Lynn filed a motion for reconsideration.[4]  At the hearing on the reconsideration motion, Lynn argued that his CrR 7.8 motion should not be transferred as a PRP to the Court of Appeals because the motion had been timely.  The trial court clarified that its prior ruling had not been based purely on the timeliness of Lynn's CrR 7.8 motion.  The trial court then asked Lynn "why [the matter] should not be transferred as a PRP."  2 VRP (Aug. 16, 2022) at 13.  Lynn proceeded to argue that his motion was timely and provided a substantial showing of his entitlement to relief.  In response, the State again argued that the matter should be transferred as a PRP.

The trial court reiterated that, based on Lynn's motion, it did not find that Lynn made a substantial showing of entitlement to relief and that the resolution of his motion would not require a factual hearing.  The trial court offered Lynn the option of transferring his motion to the Court of Appeals as a PRP.  The trial court stated that

> the concern of the Court always is [] to give it to the defendant to make that decision whether they want to proceed as a PRP from that point forward, when the Court denies the motion . . . to vacate.
>      . . . So, at the end of the day today, depending on what the Court decides, ultimately, if the Court does not vacate, then you will be faced with that . . . decision.

2 VRP (Aug. 16, 2022) at 11-12.  Lynn declined to have his CrR 7.8 motion transferred to the Court of Appeals as a PRP.  The trial court entered an order denying both Lynn's motion for reconsideration and his CrR 7.8 motion.  The trial court did not transfer Lynn's motion as a PRP to the Court of Appeals based on Lynn's request.

Lynn appeals.

---

[4]  The motion for reconsideration was not included in the appellate record.

4

ANALYSIS

Lynn argues that the trial court deprived him of his right to counsel in violation of CrR 7.8 and CrR 3.1(b)(2)(A). The State argues that the trial court did not err because Lynn was not entitled to counsel at an initial CrR 7.8 motion hearing. Additionally, the State argues that the trial court should have transferred Lynn's motion to the Court of Appeals as a PRP. We agree with the State.

A.   LEGAL PRINCIPLES

1.      Collateral Attacks / CrR 7.8 Motions

A collateral attack is any form of postconviction relief other than a direct appeal. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021); RCW 10.73.090(2). Collateral attacks include PRPs and motions to vacate judgment. RCW 10.73.090(2). A collateral attack must be filed within one year after a judgment becomes final. RCW 10.73.090(1). A judgment is final either the date it is filed with the trial court or the "date that an appellate court issues its mandate disposing of a timely direct appeal from [a] conviction." RCW 10.73.090(3)(a), (b).

CrR 7.8 governs collateral attacks filed in superior court. *See* CrR 7.8; *Molnar*, 198 Wn.2d at 508. A superior court may grant relief from a final judgment in certain circumstances, such as in cases of mistake, void judgments, or "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8(b)(1), (4), (5). Under CrR 7.8(c)(2), when a superior court receives a CrR 7.8 motion, it must transfer the motion to the Court of Appeals as a PRP unless the motion is timely under RCW 10.73.090 and "'either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.'" *State v. Waller*, 197 Wn.2d 218, 226, 481 P.3d 515 (2021) (quoting CrR 7.8(c)(2)); *accord State v. Robinson*, 193

5

Wn. App. 215, 218, 374 P.3d 175 (2016); *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008).

If the superior court retains the motion, "it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." CrR 7.8(c)(3). Should the superior court subsequently deny the motion, the defendant may then directly appeal the superior court's ruling. RAP 2.2(a); *see State v. Larranaga*, 126 Wn. App. 505, 506, 108 P.3d 833 (2005). On the other hand, if a superior court transfers a motion pursuant to CrR 7.8(c)(2), it should "expressly" state the basis of the transfer. *In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 638, 362 P.3d 758 (2015).

Once a motion has been transferred to the Court of Appeals as a PRP, it is "subject to more rigorous pleading standards" set forth in RAP 16.7. *Id.* at 639; *see* RAP 16.7. This court makes an initial determination as to whether a petition is frivolous. RAP 16.11(b). If the petition is not frivolous and can be determined on the record, "the Chief Judge will refer the petition to a panel of judges for determination on the merits." RAP 16.11(b). If the petition is frivolous, however, "it can be dismissed without the need for appointment of counsel and without referring it to a panel of judges." *State v. Williams*, 15 Wn. App. 2d 841, 845, 480 P.3d 1145 (2020).

2.     Appointment of Counsel in Postconviction Proceedings

Generally, criminal defendants have a right to counsel at every stage of a criminal proceeding. U.S. CONST. amend. VI; Wash. Const. art. I, § 22; *see* CrR 3.1. However, "[t]here is no constitutional right to counsel in postconviction proceedings." *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390, 972 P.2d 1250 (1999); *see State v. Padgett*, 4 Wn. App. 2d 851, 855, 424 P.3d 1235 (2018) ("Unlike a direct appeal, there is no constitutional right to counsel with respect to a PRP.").

Nevertheless, a court shall provide counsel at public expense during postconviction proceedings in certain circumstances. *See* RCW 10.73.150. For instance, a court shall appoint counsel if a defendant is indigent and he or she "requests counsel to prosecute a collateral attack after the chief judge has determined that the issues raised by the petition are not frivolous, in accordance with the procedure contained in [RAP] 16.11." RCW 10.73.150(4). This right to counsel attaches only "after the court determines that the motion establishes grounds for relief." *State v. Robinson*, 153 Wn.2d 689, 699, 107 P.3d 90 (2005); *accord In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 143, 196 P.3d 672 (2008) (stating, "there is no constitutional right to counsel in post-conviction collateral attacks. . . . [C]ounsel will be provided at state expense only after the chief judge has determined that the issues raised by the petition are not frivolous"); *State v. Devlin*, 164 Wn. App. 516, 525, 267 P.3d 369 (2011) (stating that "a petitioner is not entitled to appointed counsel in postconviction review under CrR 7.8 and by [PRP] unless the court determines that the petition is not frivolous"), *review denied*, 174 Wn.2d 1008 (2012).

B.     LYNN'S CrR 7.8 MOTION

Lynn argues that the trial court did not rule that his CrR 7.8 motion was frivolous and that it proceeded to rule on the merits of Lynn's motion. Therefore, Lynn argues, his right to counsel attached and it was error for the trial court to deny him counsel. We disagree.

Prior to determining whether the trial court erred in denying Lynn counsel, we must first determine whether the trial court properly retained and denied Lynn's motion. *See* CrR 7.8(b). For the trial court to retain the motion, it must determine that the motion was timely, and either that Lynn made a substantial showing of entitlement to relief or that resolution of his motion would require a factual finding. *Waller*, 197 Wn.2d at 226; CrR 7.8(c)(2).

7

1.      Timeliness

During Lynn's initial CrR 7.8 motion hearing, the State argued that Lynn's motion was untimely because Lynn's judgment and sentence had been entered in November 2019. The trial court seemed to agree that Lynn's motion was untimely and that appears to have been a factor in the trial court's denial of Lynn's motion.

In November 2019, Lynn was convicted of several crimes following a bench trial. Lynn appealed, and this court affirmed his convictions in October 2021. *Lynn*, No. 82543-7-I, slip op. at 13. Our Supreme Court denied Lynn's petition for review, and this court issued a mandate terminating review on March 11, 2022. A judgment is final the "date that an appellate court issues its mandate disposing of a timely direct appeal from [a] conviction." RCW 10.73.090(3)(b). Therefore, Lynn's judgment became final on March 11, 2022. On May 2, 2022, Lynn filed his CrR 7.8 motion for relief from judgment. Because May 2 is less than two months after March 11, Lynn filed his CrR 7.8 motion well within the one-year time limit required by RCW 10.73.090. Therefore, Lynn's motion was timely and the trial court erred to the extent that it found the motion untimely.

2.      Entitlement to Relief and Factual Hearing

Lynn contends that the trial court ruled on the merits of his CrR 7.8 motion when it found that Lynn did not make a substantial showing of entitlement to relief and that a factual hearing was unwarranted. The State argues that "although the [trial] court said it was going to address the merits of the argument, it is apparent from the context that what the [trial] court meant was that it was going to address whether Lynn's motion should be transferred to the court of appeals." Br. of Resp't at 4. We agree with the State.

8

In the hearing on Lynn's CrR 7.8 motion, the trial court stated, "[W]e're going to . . . look to the merits of your argument." 1 VRP (May 24, 2022) at 6. However, the trial court then cited CrR 7.8(c)(2) procedure in a discussion as to whether Lynn met the criteria for the trial court to retain the motion or whether Lynn's motion should be transferred as a PRP to the Court of Appeals. The trial court further stated that it did not find that Lynn made a substantial showing that he was entitled to relief and the matter did not require further factual hearing. Indeed, Lynn does not dispute the facts underlying his convictions. The trial court then asked Lynn during the hearing whether Lynn wanted to have his motion transferred as a PRP to the Court of Appeals. There was never discussion of the substance of Lynn's claim—that is, why he brought the CrR 7.8 motion in the first place.

Similarly, during the motion for reconsideration hearing, the trial court again cited to CrR 7.8(c)(2) procedure and reiterated that the issue was whether Lynn wanted his motion transferred as a PRP to the Court of Appeals. The trial court asked Lynn to argue why his matter "should not be transferred as a PRP." 2 VRP (Aug. 16, 2022) at 13. The trial court again found that, based on the record, Lynn did not make a substantial showing of his entitlement to relief and that the matter did not require further factual hearing.

Here, the record is clear that the trial court was making an *initial* determination of whether Lynn's motion showed that he is entitled to relief or whether resolution of the motion will require a factual hearing to allow the court to retain the motion for review on the merits. *See Robinson*, 193 Wn. App. at 218. Indeed, a trial court may *not* rule on the merits unless it determines it will retain the motion pursuant to CrR 7.8(c)(2). *Smith*, 144 Wn. App. at 863.

Even though the trial court incorrectly determined that Lynn's motion was untimely, it also found that Lynn did not make a substantial showing of entitlement to relief and that a factual

9

hearing would not be required to resolve the motion. Accordingly, regardless of Lynn's preference, the trial court was required to transfer Lynn's motion as a PRP to the Court of Appeals. CrR 7.8(c)(2); *Waller*, 197 Wn.2d at 226. "This is mandatory, not discretionary," and it was error for the trial court to defer to Lynn. *Williams*, 15 Wn. App. 2d at 845. Therefore, we reverse the denial of Lynn's CrR 7.8 motion and remand the matter it to the trial court to transfer the motion to the Court of Appeals as a PRP.

> 3.      Appointment of Counsel

Because the trial court, for the reasons stated above, should have transferred Lynn's motion as a PRP to the Court of Appeals, the trial court did not err in denying Lynn's motion to appoint counsel. Again, the record shows that during the hearings, the trial court was making an initial determination of whether Lynn's CrR 7.8 motion should be transferred as a PRP. The right to counsel attaches for a CrR 7.8 motion only "after the court determines that the motion establishes grounds for relief." *Robinson*, 153 Wn.2d at 699; *see also Larranaga*, 126 Wn. App. at 508 n.2 ("An offender is not entitled to appointed counsel, however, during the initial hearing on the CrR 7.8 motion."). Had the trial court determined that Lynn met the CrR 7.8(c)(2) criteria and set a show cause hearing, then it would have been proper for the trial court to appoint counsel. *See* CrR 7.8(c)(3). However, that was not the case here.

Once Lynn's motion is transferred as a PRP, this court will determine whether Lynn's petition is frivolous. RAP 16.11(b). If we determine that Lynn's petition is not frivolous, it will be referred to a panel for a determination on the merits. RAP 16.11(b). At that time, Lynn will be entitled to appointed counsel to help argue the substance of his claims. *Bonds*, 165 Wn.2d at 143. If the petition is frivolous, "it can be dismissed without the need for appointment of counsel and without referring it to a panel of judges." *Williams*, 15 Wn. App. 2d at 845.

C.    STATEMENT OF ADDITIONAL GROUNDS

Lynn raises two issues in a statement of additional grounds (SAG).  First, Lynn asserts that the trial court should have transferred his CrR 7.8 motion as a PRP to the Court of Appeals, despite his objection.  Second, Lynn argues that the trial court erred when it denied his CrR 7.8 motion because he made a substantial showing of entitlement to relief based on the alleged defect in his charging document.

1.    Transfer as PRP

Lynn argues that the trial court's denial of his motion and then failure to transfer his motion as a PRP to the Court of Appeals was an irregular proceeding.  For the reasons stated above, we agree.  Accordingly, we reverse and remand this matter to the trial court with instructions to transfer Lynn's motion to this court as a PRP.

2.    Defect in Charging Document

Lynn complains that the trial court did not consider the proper legal standard when evaluating whether or not he made a substantial showing of entitlement to relief.  Lynn proceeds to argue about the analysis required of courts when they evaluate the adequacy of charging documents.  Because Lynn's argument gets to the substance of his CrR 7.8 motion and because we reverse and remand to the trial court with instructions to transfer Lynn's CrR 7.8 motion as a PRP, we do not address the issue here.

We reverse and remand for the trial court to transfer Lynn's CrR 7.8 motion to the Court of Appeals as a PRP.

No. 57342-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.

12